IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK BROWN,                           :
                                         :
                    Petitioner,          :
                                         :    CIVIL NO. 3:CV-09-183
          v.                             :
                                         :    (JUDGE VANASKIE)
JEFFREY BEARD,                           :
                                         :
                    Respondent.          :

MEMORANDUM

Patrick Brown, an inmate presently confined at the State Correctional Institution at Mahanoy, Frackville, Pennsylvania, brought this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the validity of his state court conviction.[1]  On February 11, 2009, Brown filed an Amended Petition.  See Dkt. Entry # 6.  Service of the Amended Petition was thereafter ordered.  Respondent filed an appropriate response along with the pertinent state court records.  Petitioner, who proceeds pro se, filed a traverse on April 1, 2009.  The petition is ripe for review.  For the reasons that follow, habeas corpus relief will be denied.

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted.  Citations to the record are to the page of the Court's electronic record.  The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## PROCEDURAL BACKGROUND

Following a 2002 jury trial in the Dauphin County Court of Common Pleas, Petitioner was convicted of burglary, robbery, illegal possession of a firearm, and criminal conspiracy. On November 14, 2002, Brown was sentenced to an aggregate prison term of twenty-two (22) to seventy (70) years.

Petitioner failed to file a timely direct appeal. However, on January 13, 2003, the trial court reinstated his appeal rights. On February 12, 2004, the Pennsylvania Superior Court affirmed Brown's conviction and sentence. Commonwealth v. Brown, 849 A.2d 601 (Pa. Super. 2004)(Table). Petitioner did not seek further review from the Pennsylvania Supreme Court.

On February 17, 2005, Petitioner initiated an action under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. Ann. § 9541, et seq.. After conducting an evidentiary hearing, the trial court denied Petitioner's request for relief by decision dated February 15, 2007. The trial court's denial of relief was affirmed by the Pennsylvania Superior Court on June 30, 2008. A petition for allowance of appeal was denied by Pennsylvania's Supreme Court on January 12, 2009. Brown initiated this federal habeas corpus proceeding on January 29, 2009. Respondent does not challenge the timeliness of the habeas petition, and concedes that Petitioner has satisfied the exhaustion of state court remedies requirement.

## FACTUAL BACKGROUND

The following summary of the relevant facts underlying Brown's criminal charges was

gleaned from the Superior Court's February 12, 2004 decision.[2]  During the late afternoon of

April 8, 2001, Joshua Kone and his friend Antwoyn Neal were in the living room of Kone's

residence when two armed men entered the home.  One of the intruders was armed with a

semi-automatic assault rifle, and the other carried a sawed-off shotgun.  The assailants, who

wore bandanas which partially concealed their faces, demanded that Kone hand over money

that was allegedly locked in a safe located somewhere in the residence.

The assailants proceeded to take Kone to the basement of the house.  When Kone

denied having any cash in the home, the assailant armed with the assault rifle struck Kone in

the face him with the firearm.  While raising his arms to prevent being struck again, Kone

inadvertently pulled the bandana from Petitioner's face, revealing his identity.[3]  Kone implored

the assailant to stop, stating, "O.G., why are you robbing me? I]t doesn't have to happen like

this."  The assailant responded by again striking Kone with the assault rifle.

The intruders then proceeded to search for a safe in the basement.  While they were

preoccupied, Kone ran upstairs, retrieved a firearm from the living room and attempted to

intercept the assailants as they fled through the back door.  In their flight, the pair left behind a

blue bandana and a hammer.

---

[2]  See Dkt. Entry # 16-4, 17-30.

[3]  Kone informed police and would later testify that he knew Petitioner by his street name of "O.G.," and had previously met him on 3 or 4 occasions while in the company of his friend, Antwoyn Neal.

During the entire incident, Neal remained unguarded and undisturbed in the living room, but took no steps to aid Kone. Neal fled the residence when Kone emerged from the basement.

Weapons, a glove, and other materials used by the assailants were discovered in the house and surrounding area during an ensuing investigation. The police also retrieved the blue bandana and hammer left at the residence when the assailants fled.

Kone identified Petitioner Brown as the assailant who had been wearing the blue bandana and who had struck him with the rifle. A DNA analysis of material found in the blue bandana, however, excluded Brown as the contributor of the material. Moreover, fingerprint testing performed on the evidence recovered from the scene was inconclusive.

On direct appeal, Brown challenged the sufficiency of the evidence to support the convictions. He also asserted trial court error in not allowing redirect examination to rehabilitate a defense witness impeached with crimen falsi convictions and ineffective assistance of counsel in failing to object to the jury instructions.

The Superior Court rejected each of these contentions. As to the sufficiency of the evidence, the Superior Court concluded that Kone's identification of Brown was not rendered unreliable by the absence of confirming DNA or other forensic evidence placing Brown at the scene of the crime. In this regard, the appeals court noted the significance of the fact that Kone had met Brown on three or four occasions and knew him by his street name, "O.G." The

appeals court also observed that Kone had testified that he initially believed Brown to be one of the assailants by his voice and distinctive cornrow hairstyle, and his belief was confirmed when Korn pulled down the bandana and exclaimed, "O.G. why are you robbing me?" The Superior Court concluded that Kone's unequivocal identification testimony was sufficient despite the absence of corroborating scientific evidence. As to the restrictions on redirect examination of Antwoyn Neal, called as a defense witness, the Superior Court held that the trial court did not err in refusing to allow Neal to be questioned about the circumstances surrounding his prior conviction for filing false reports to law enforcement authorities. The Superior Court explained that an explanation of the circumstances of the conviction would have no bearing on credibility as "[t]he conviction stands notwithstanding any alleged circumstances surrounding the offense." (Dkt. Entry # 16-4, at 12.) Finally, the Superior Court declined to address the ineffective assistance of counsel claim, explaining that it should first be raised in a PCRA proceeding where an appropriate record could be made.

Brown's ensuing PCRA motion included an ineffective assistance of counsel claim pertaining to the jury charge on the crime of robbery. Brown also asserted ineffective assistance of counsel for failure to investigate a potential alibi witness.

The trial court rejected each of the ineffective assistance of counsel claims. First, it found that defense counsel had a reasonable basis for not objecting to the jury charge, which informed the jury that it could convict Brown of robbery if Brown had placed either Kone or Neal

in fear of serious bodily injury, even though the criminal information filed against Brown did not identify Neal as a victim. In this regard, the trial court accepted defense counsel's explanation that the jury was more likely to believe Neal, who testified that Brown was not one of the robbers, if Neal was portrayed as a victim of the crime. The trial court rejected the challenge to defense counsel's failure to interview a potential alibi witness because Brown failed to provide information to locate the witness, the potential alibi (that Brown was in Delaware with the witness at the time of the crime) conflicted with information Brown had provided to defense counsel as to his location at the time of the crime, and the alibi witness was not credible.

The Superior Court found that the evidence was sufficient to support the trial court's findings of fact and credibility judgments pertaining to the failure to investigate the potential alibi witness. In this regard, the Superior Court found to be credible defense counsel's testimony that Brown had told him that the alibi witness, Norsheena Carter, would contact defense counsel, but never did. It also noted that after defense counsel had informed Brown that his trial strategy was to have Neal contradict Kone's identification testimony, Brown did not provide any information concerning Ms. Carter, thus suggesting to defense counsel that Carter would not be a reliable witness. The Superior Court also indicated that the trial court had a proper basis for finding that defense counsel had a reasonable basis to decline to call Ms. Carter as the purported alibi contradicted Brown's statement to him that he was at a skating rink with his family at the time of the robbery. Finally, the Superior Court noted that there was an ample

foundation for the trial court's finding that Ms. Carter was not credible. On the jury charge issue, the Superior Court agreed with the trial judge that defense counsel had a sound strategic basis for not objecting to the inclusion of Neal as a potential robbery victim. Moreover, the Superior Court found that Brown had failed to show that he was prejudiced by the allegedly erroneous jury instruction.

Ground One of Brown's Amended Petition reasserts the claim that trial counsel provided ineffective assistance by neglecting to investigate or interview an alibi witness. Ground Two raises the sufficiency of evidence claim rejected by the Superior Court on direct appeal. Ground Three asserts that trial counsel improperly waived Brown's right to a speedy trial, a claim that Brown has withdrawn as it was not raised in the state court proceedings. (Petition to Withdraw all Unexhausted Grounds, Dkt. Entry # 11, at 1.) Ground Four presents the contention that trial counsel was ineffective by not objecting to the jury instructions on the robbery count. Finally, in an attachment to his Amended Petition Brown presented the claim that the trial court erred by failing to permit defense counsel an opportunity to conduct redirect questioning after the district attorney impeached Neal's credibility by eliciting that he had a prior conviction for filing false reports. (Dkt. Entry # 6, at 15.)

DISCUSSION

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials'

and to ensure that state-court convictions are given effect to the extent possible under law."

Bell v. Cone, 535 U.S. 685, 693 (2002). Specifically, when a federal law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court or was based upon an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d).[4] See generally, Knowles v. Mirzayance, ___ U.S. ___ ,129 S.Ct 1411,1414 (2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001). Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

---

[4] Specifically, 28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning.  See  Williams v. Taylor, 529 U.S. 362, 404-405 (2000).  As explained in Bell, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

This deferential standard of review applies to state court decisions on ineffective assistance of counsel claims.  Id. at 694-98.

A.  The Ineffective Assistance of Counsel Claims

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the United States Supreme Court established a two-pronged test for habeas petitioners seeking relief on the basis of ineffective assistance of counsel.   First, a petitioner must prove that counsel's performance was deficient.  See Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001).  That is, he must show that counsel's "representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  There exists a "strong presumption" that trial counsel's performance was reasonable and might be considered sound trial strategy.  Jermyn, 266 F.3d at 282 (quoting Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996)).

Second, a petitioner must show that he was prejudiced by the deficient performance.[5]

Strickland, 466 U.S. at 687.  The prejudice test is whether there is a reasonable probability that,

but for the deficient performance, the outcome of the proceedings would have been different.

Id. at 694.  See also  Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992) ("[A] petitioner must

demonstrate a reasonable probability that, but for the unprofessional errors, the result would

have been different . . . .").  A reasonable probability is one that is "sufficient to undermine

confidence in the outcome."  Strickland, 466 U.S. at 694.  "Without proof of both deficient

performance and prejudice to the defense . . . it could not be said that the sentence or

conviction resulted from a breakdown in the adversary process that rendered the result of the

proceeding unreliable, and the sentence or conviction should stand."  Bell, 535 U.S. at 695

(internal quotations and citation omitted).

Where there is a reasonable basis for a tactical decision made by defense counsel, a

finding of ineffective assistance cannot be reached.  See Burger v. Kemp, 483 U.S. 776 (1987).

"[S]ubstantial deference is to be accorded counsel's tactical decisions."  United States v.

Wiener, 127 F. Supp. 2d  645, 648 (M.D. Pa. 2001).  Likewise, counsel cannot be deemed

ineffective for pursuing a meritless claim.  See Hartey v. Vaughn, 186 F.3d 367, 372 (3d Cir.

1999).

---

[5]  A court may choose to address the prejudice prong first and reject an ineffective assistance claim solely on the basis that the defendant was not prejudiced.  See Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

When the Pennsylvania state courts reviewed the claims raised by Brown, *Strickland's* familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims. Although Pennsylvania has articulated a three-prong test for ineffective assistance of counsel claims,[6] Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to *Strickland*. Jacobs v. Horn, 395 F.3d 92, 107 n.9 (3d Cir. 2005); Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000). Thus, under § 2254(d)(1), the relevant inquiry in addressing an ineffectiveness claim that has been adjudicated on the merits by the state courts is whether the Pennsylvania state court decision involved an unreasonable application of *Strickland*. Jacobs, 395 F.3d at 107 n. 9; Werts, 228 F.3d at 204.

1. Failure to Investigate Alibi Witness

As previously noted, Ground One asserts that trial counsel provided ineffective assistance by neglecting to investigate or interview an alibi witness. The alibi witness, Norsheena Carter, who is the mother of Brown's son, would have testified that Petitioner was

---

[6] The test applied by the Pennsylvania courts is as follows:

[The defendant] must demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel's course of conduct was without a reasonable basis designed to effectuate his interest; and (3) he was prejudiced by counsel's ineffectiveness, i.e., that there is a reasonable probability that but for the act or omission in question, the outcome of the proceeding would have been different.

Commonwealth v. Brooks, 839 A.2d 245, 248 (Pa. 2003).

with her in the State of Delaware at the time of the crime. Brown argues that because the Commonwealth's case rested solely on the victim's identification of Petitioner as one of the assailants, Carter's testimony would have both undermined Kone's identification testimony and bolstered Neal's trial testimony that Petitioner was not involved in the crime.

Both the trial court and Superior Court noted that Petitioner's trial counsel testified that although Brown did send him a letter identifying Carter as a potential alibi witness, he was never given information as to how to contact Carter. In fact, as pointed out by the trial court, Brown's letter stated that Ms. Carter would be contacting defense counsel. Ms. Carter acknowledged that Brown asked her to call defense counsel, but she never did so, asserting that she was of the belief that the matter was "not serious."

Furthermore, the state courts found that after defense counsel subsequently informed Brown of the trial strategy to have Neal testify in contradiction of Kone's identification testimony, Brown did not raise the matter of an alibi witness. In fact, it appears that Brown raised the matter of an alibi witness only once, and not even during his first meeting with defense counsel, but in the letter he wrote after their first meeting. The state courts also noted that during their first meeting Brown had informed defense counsel that he was at a skating rink in the Harrisburg area at the time of the incident, not that he was in Delaware visiting Ms. Carter. Furthermore, although suppressed as a result of defense counsel's motion, Brown had given a statement indicating that he knew Kone, had simply asked for $1,000, and was at a skating rink

at the time of the home invasion.  The state courts concluded that in light of these statements trial counsel had a reasonable basis for concluding that Carter's contrary alibi testimony was false and thereby its introduction would be a violation of the Pennsylvania Rules of Professional Conduct's directive that counsel may not introduce testimony known to be false.

The state courts also found that Carter had a motive to testify in favor of Brown in that she may benefit financially if he were to be released from prison by providing support for his son.  Moreover, the state courts concluded that Carter's testimony as to the alibi was vague and not believable.

Given the above factors, it cannot be said that the state court determinations were contrary to, or an unreasonable application of federal law as required under Bell.  On the contrary, the PCRA testimony given by trial counsel and Carter discloses a reasonable basis as to why an alibi defense via Carter's testimony was not pursued.  Namely, counsel was not provided with sufficient information as to how to contact Carter, counsel had been told that Carter would be contacting him, Brown raised the matter only once, Brown acquiesced in the strategy to rely upon Neal and the absence of scientific evidence placing Brown at the scene of the crime without again raising the availability of witnesses to say he was in Delaware, and counsel had both strategic and ethical concerns regarding introduction of testimony that Brown was out of state at the time of the incident.  Since there was a reasonable basis for the decision made by defense counsel, a finding of ineffective assistance is precluded.

There is also an adequate foundation for the state court's determination that Brown was not prejudiced by the failure to investigate whether Carter would provide credible alibi testimony. In this regard, Carter's failure to contact defense counsel after being requested to do so by Brown, coupled with the state court's amply-supported finding that she was not a credible witness, fully supported the Superior Court's determination that Brown had failed to show that, at the time of the trial, Carter was both available and willing to testify on Brown's behalf. (Dkt. Entry # 6 at 33.)

As explained in Strickland, 466 U.S. at 690, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . . In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." The state court rulings in this case are faithful to that admonition. While Brown at one time identified Carter as a potential alibi witness, he certainly gave defense counsel reason to believe that any investigation of this witness would be in vain. As further observed in Strickland, 466 U.S. at 691:

> when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.

-14-

Here, the state courts did undertake a critical assessment of the interaction between Brown and defense counsel on this issue, and their rejection of the ineffective assistance claim withstands scrutiny under the deferential review standards established in 28 U.S.C. § 2254(d). See Stevens v. Delaware Correctional Center, 295 F.3d 361, 373 (3d Cir. 2002) (counsel's failure to investigate certain matters was not unreasonable in light of information provided to him by the defendant).

### 2. Failure to Object to the Jury Instructions

Brown asserts that trial counsel erred by not objecting to a portion of the jury instructions which directed the jury that it could find Petitioner guilty of robbery if it believed that "he did put Joshua Kone and/or possibly Antwoyn Neal in fear of serious bodily injury." ( Dkt. Entry # 6, Superior Court June 30, 2008 Memorandum, at 13.) Brown offers that since he was not charged with robbery of Neal, it was improper for the trial court to refer to Neal as being a robbery victim.

Counsel may be deemed ineffective for failure to object to jury instructions. Combs v. Coyle, 205 F.3d 269, 286 (6th Cir.), cert. denied 531 U.S. 1035 (2000). However, "reviewing courts must be deferential in their scrutiny and scrupulously avoid the distortions of hindsight by viewing performance from counsel's perspective at the time." Everett v. Beard, 290 F.3d 500, 509 (3d Cir. 2002). Furthermore, there is a strong presumption that counsel's conduct was reasonable. Strickland, 466 U.S. at 690.

Federal habeas corpus relief may issue only if the court finds that an error in the jury charge "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993). In Burger v. Kemp, 483 U.S. 776, 782 n.5 (1987), the Court ruled that jury instructions that may have erroneously shifted the burden of proof on criminal intent to commit murder did not warrant habeas corpus relief where "'the evidence was so dispositive of intent' that it can be said beyond a reasonable doubt that 'the jury would have found it unnecessary to rely on the presumption.'"

Trial counsel testified that he did not object to the instruction because Neal had testified that Brown was not one of the assailants and that it was beneficial to have the jury consider that the Neal's testimony was that of a victim which contradicted the identification testimony of fellow victim Kone. As found by the state courts, defense counsel plainly had a reasonable basis for not objecting to the charge. This was clearly a reasonable trial strategy and therefore does not support a finding of ineffective assistance. Moreover, as the state courts also concluded, there are no facts presented which could establish that the purported erroneous jury instruction had a substantial and injurious effect or influence on the verdict as required under Burger. Accordingly, Brown is not entitled to relief on this ground.

B.  Sufficiency of the Evidence

Brown asserts that Kone's identification testimony was unreliable because the victim was under the influence of drugs at the time of the alleged robbery and Neal, an eyewitness,

-16-

was unable to identify Brown as being one of the perpetrators. He also notes there was no fingerprint, DNA, or other forensic evidence implicating his involvement in the crime.

The standard of review used by a federal court when addressing the issue of sufficiency of the evidence is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, reh'g denied, 444 U.S. 390 (1979). The Superior Court's February 12, 2004 decision noted that Kone testified that he had met Petitioner on several prior occasions and knew him by his street name. It was also pointed out that Kone stated that at the onset of the robbery he felt that he recognized Petitioner by his voice and hairstyle. When Petitioner was unmasked, Kone confirmed his initial belief as to the Petitioner's identity. (Dkt. Entry # 16-4 at 22.) The Superior Court further noted in its June 30, 2008 decision that the Commonwealth presented evidence that "tended to show" that Neal was more of a co-conspirator than a victim. ( Dkt. Entry # 6, Exhibit A, Superior Court's June 30, 2008 Memorandum at 13.)

Based on an application of the standards announced in Jackson, Kone's testimony that Brown was one of the perpetrators clearly constituted sufficient evidence to support Petitioner's conviction. The fact that the jury found Kone's identification testimony to be credible and discredited Neal's testimony were determinations committed to the discretion of the jury. Likewise, the apparent decision of the jury not to place greater weight on the lack of

-17-

incriminating fingerprint, DNA or other forensic evidence was likewise within its discretion. Because Kone's identification testimony afforded a sufficient basis for a rational trier of fact to reach a finding of guilt, there is no basis for federal habeas corpus relief on this ground.

C. Failure to Allow Rehabilitation Testimony of Impeached Witness

The final ground for relief, which is briefly set forth in an attachment to the Amended Petition, generally contends that the trial court erred by failing to permit defense counsel an opportunity to conduct redirect questioning of Neal as to the circumstances surrounding a criminal conviction. Specifically, during cross-examination the Commonwealth introduced impeachment evidence that Neal had been convicted of making false reports to a law enforcement officer, a crimen falsi offense.[7] The trial counsel refused defense counsel's attempt to rehabilitate Neal on redirect examination by questioning Neal about the circumstances surrounding the crimen falsi conviction. The Superior Court's February 12, 2004 Memorandum Opinion rejecting this claim relied on Pennsylvania Rule of Evidence 609(a) and Commonwealth v. Oglesby, 418 A.2d 561, 564 (1980), in holding that testimony surrounding the circumstances of Neal's prior conviction could not be admitted, and, therefore, there was no abuse of discretion by the trial court. (Dkt. Entry # 16-4, at 11.)

As a general rule, federal habeas corpus review is not available to adjudge the

---

[7] Crimen falsi offenses are "in the nature of perjury, criminal fraud, embezzlement, false pretense, or any other offense, the commission of which involves some element of untruthfulness or falsification." Walker v. Horn, 385 F.3d 321, 334 (3d Cir. 2004)

-18-

correctness of a state court evidentiary ruling. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Keller v. Larkins, 251 F.3d 408, 416 n.2 (3d Cir. 2001); Lupkovich v. Cathel, Civil No. 04-5399, 2006 WL 3313975, at *4 (D. N.J., Nov. 14, 2006) ("Because the trial court's ruling limiting the cross-examination of Chester Anderson regarding his reputation for violence presents a question of state evidentiary law, it is not cognizable under § 2254.") In short, evidentiary rulings are matters of state law, and are not within the province of a federal habeas corpus court. See King v. Kerestes, Civil No. 09-1749, 2009 WL 5178805, at *3 (E.D. Pa., Dec. 21, 2009). It is only where an evidentiary ruling "so infuse[s] the trial with unfairness as to deny due process of law," Lisenba v. People, 314 U.S. 219, 228 (1941), that federal habeas corpus review may exist. In this case, the state court's limitation on redirect examination did not have such an effect, and Petitioner is not entitled to habeas corpus relief on this basis.[8]

CONCLUSION

For the reasons set forth above, Brown's habeas corpus petition will be denied. An

---

[8] It should be noted that Federal Rule of Evidence 609(a)(2) is similar to the state rule at issue here by providing for the admission of crimen falsi convictions for the purpose of attacking the credibility of a witness, and a district court is without discretion to weigh the prejudicial effect of the proffered evidence against its probative value. Walden v. Georgia Pacific, 126 F.3d 506, 523-24 (3d Cir. 1997). "The automatic admission provision of Rule 609(a)(2) expresses the idea that some individuals who are found to have been dishonest in other contexts are presumed to be more prone to perjury than others." Id. at 523. Thus, it is apparent the introduction of Neal's prior conviction was appropriate, and the limitation on redirect examination appears to have been reasonable.

appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK BROWN,                          :
                                        :
                Petitioner,             :
                                        :   CIVIL NO. 3:CV-09-183
          v.                            :
                                        :   (JUDGE VANASKIE)
JEFFREY BEARD,                          :
                                        :
                Respondent.             :


<u>ORDER</u>

_____NOW, THIS 13th DAY OF APRIL, 2010, for the reasons set forth in the

accompanying Memorandum, IT IS HEREBY ORDERED THAT:

     1.     The petition for a writ of habeas corpus is DENIED.

     2.     The Clerk of Court is directed to mark this matter CLOSED.

<u>s/ Thomas I. Vanaskie     </u><br>
Thomas I. Vanaskie<br>
United States District Judge
